JAMES E. BARNARD *vs.* EMERY N. MOORE & another & trustee.

A mortgage of personal property given to secure such sums as may thereafter become due to the mortgagee is not a valid security, as against a judgment creditor of the mortgagor, for claims accruing after the property was attached in his suit, and the mortgagee summoned as trustee.

TRUSTEE PROCESS. It was agreed in this court that, at the time of the service of the writ upon the supposed trustee, he held a mortgage upon the property which was attached upon the writ, to secure a certain existing claim and also all such sums as might become due to him from the mortgagor; and the only question was, whether the trustee could avail himself of this mortgage to secure certain sums which became due to him from the mortgagor after the making of the attachment and the service upon the trustee. The interrogatories to the trustee and his answers were relied on to show when he had notice of the attachment.

*D. E. Ware*, for the plaintiff. The mortgage could be a valid security for claims accruing after the attachment, only in case the mortgagee had no notice of the attachment. *Adams* v. *Wheeler*, 10 Pick. 199. *Brinkerhoff* v. *Marvin*, 5 Johns. Ch. 327. *Lansing* v. *Woodworth*, 1 Sandf. Ch. 43. *Barry* v. *Merchants' Exchange Co.* Ib. 314. *Seymour* v. *Darrow*, 31 Verm. 122. *Rolt* v. *Hopkinson*, 25 Beav. 461. The service of the writ was sufficient notice. *Adams* v. *Wheeler*, 10 Pick. 199. *Jones* v. *Smith*, 1 Hare, 55.

*N. B. Bryant*, for the trustee. A mortgage for future liabilities is good, and the mortgagee's interest in the property is not affected by an attachment. *Granger* v. *Kellogg*, 3 Gray, 490. *Codman* v. *Freeman*, 3 Cush. 311. *Haskell* v. *Gordon*, 3 Met. 272. The plaintiff is in the position of a purchaser with notice, and should be held to pay all that will become due under the mortgage. *Curtis* v. *Mundy*, 3 Met. 407. *Bates* v. *Norcross*, 14 Pick. 231. *Shaw* v. *Poor*, 6 Pick. 86. His attachment was only a lien, and subject to all prior incumbrances. By means of it he can stand in no better position than the mortgagor.

*Hubbard* v. *Hamilton Bank*, 7 Met. 345. *Forbes* v. *Parker*, 16 Pick. 462. *Ayer* v. *Bartlett*, 9 Pick. 156. The trustee had no notice that he was summoned as trustee by reason of his holding the mortgage, until some time after the making of the attachment.

DEWEY, J. A mortgage may be valid, having a stipulation in it for securing future advances and liabilities on the part of the mortgagee. If such advances have been made or liabilities assumed before other interests have legally intervened, they will be secured by the mortgage. But after a creditor has attached the debtor's interest in the property mortgaged, and the mortgagee has been duly summoned as trustee of the mortgagor, no new and independent indebtment, either by moneys advanced, services rendered or liabilities assumed, will defeat the lien by attachment, or have a priority to the same under the mortgage. It is said, on the part of the trustee, that he had no sufficient notice that he was summoned as trustee by reason of his relation to this property as mortgagee, until the filing of interrogatories pending his examination as trustee, and therefore that he is not to be limited in his security, by force of the mortgage, to demands and liabilities that had been created prior to the service of the trustee process upon him. But we think this position not tenable. The case of *Hobart* v. *Jouvett*, 6 Cush. 105, is strongly to the point that where the mortgaged property is actually attached and taken, and the mortgagee summoned as trustee, he is legally notified of the claim of the attaching creditor upon the mortgaged property, and he cannot afterwards change the state of the same by new debts and liabilities, to the prejudice of the attaching creditor. In that case it was held that, after being thus summoned as trustee, he could not legally give the notice and proceed to foreclose the mortgage, to the prejudice of the attaching creditor. If so, it would seem to be quite clear that he could not add a new and distinct indebtedness for services rendered subsequently to the attachment, and in matters wholly arising after the attachment.

In the opinion of the court, the trustee cannot hold the property as security for claims accruing after said attachment and service on him.